IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-265-FL

| | | |
|---|---|---|
| EVETTE M. DROTAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 16, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R") (DE 21), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the case to the Commissioner for further consideration. Defendant timely filed objections to the M&R, and plaintiff responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and remands this matter to the Commissioner.

**BACKGROUND**

Plaintiff filed an application for supplemental security income and disability insurance benefits on January 14, 2010, alleging disability beginning November 14, 2008. This application was denied initially and upon reconsideration. A hearing was held on April 5, 2012, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated June 21, 2012. The appeals council denied plaintiff's request for review on October 10, 2013.

Plaintiff filed a motion for leave to proceed *in forma pauperis* in this court which was granted December 12, 2013, and the clerk filed plaintiff's complaint the same day.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 14, 2008. At step two, the ALJ found that plaintiff had the following severe impairments: history of polytrauma secondary to a motor vehicle accident with residuals; degenerative disc disease of the lumbar spine with radiculopathy status-post fractures related to her motor vehicle accident; post-traumatic stress disorder; personality disorder; somatization disorder (chronic pain type); restless leg syndrome; major depressive disorder; history of osteomyelitis of the pelvis and left femur with removal of leg hardware; and obesity. However, at step three, the ALJ further determined that these impairments, taken alone or in combination, were not severe enough to meet or medically equal one of the impairments in the regulations. In reaching the step three conclusion, the ALJ specifically addressed whether plaintiff's mental impairments met or medically equaled the criteria of listings 12.04, 12.06,

3

12.07, and 12.08, but did not so address other listings.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following restrictions:

> [N]o more than occasional climbing of ramps and stairs, but no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching, and/or crawling; with respect to her lower extremities, she is restricted to no more than occasional pushing, pulling, and/or operating foot controls; avoid concentrated exposure to workplace hazards, such as unprotected heights and dangerous moving machinery; she is capable of performing simple, routine, repetitive tasks and maintaining attention and concentration, persistence, and pace to stay on task for increments of 2 hours at a time during an 8-hour workday, as needed to perform simple, routine, repetitive tasks; she requires a low stress setting, further defined as involving no more than occasional decision-making or changes in the work setting, in a job primarily dealing with things as opposed to people, and not involving production-pace work, rather goal oriented job; and she requires a sit/stand option, but would not have to change position as often as every 15 minutes.

(Tr. 14). In making this assessment, the ALJ found plaintiff's statements about the severity of her symptoms not fully credible. At step four, the ALJ concluded plaintiff was not capable of performing the requirements of her past relevant work. However, at step five, the ALJ found that plaintiff could perform other specified types of work.

B.   Analysis

The magistrate judge recommended that the case be remanded because the ALJ failed to consider whether plaintiff's impairments meet or medically equal Listing 1.04A. See 20 C.F.R. Part 404, Subpart P, App'x 1, 1.04A ("Listing 1.04A"). Upon *de novo* review of defendant's objections, the court agrees that remand is required for this reason.

An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the

4

[Commissioner], through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon, 725 F.2d at 236. "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

In this case, the ALJ did not adequately explain his decision that plaintiff did not meet Listing 1.04A. The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to show that she meets all of the specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Nevertheless, an impairment that does not meet the criteria of a listing may still medically equal the criteria of a listing. 20 C.F.R. §§ 1525(c)(5); 416.925(c)(5). This "equivalence" step cannot be met with a showing that the overall functional impact of an impairment is as severe as a

5

listed impairment. Sullivan, 493 U.S. at 531. Rather, a claimant must present medical findings equal in severity and duration to all the criteria for a listing. Id.; 20 C.F.R. §§ 404.1526(a); 416.926(a).

Failure to address sufficiently a relevant listing is ground for remand. In Cook v. Heckler, 783 F.3d 1168 (4th Cir. 2013), the Fourth Circuit ordered remand of a denial of Social Security insurance benefits to a widow. Id. at 1169, 1174. In his decision, the ALJ had failed to identify the relevant listings and explicitly compare them to the claimant's symptoms. Id. at 1173. The court found that there was "ample evidence in the record to support a determination" that the claimant's condition met one of the impairments. Id. at 1172. It further held that "[t]he ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the claimant's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." Id. at 1173.[1]

In a series of later, unpublished decisions, the Fourth Circuit clarified that Cook "does not establish an inflexible rule requiring exhaustive point-by-point discussion in all cases." Russell v. Chater, No. 94-2371, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (per curiam). In Russell the court distinguished Cook by holding that the ALJ's findings were not "cursory and inconsistent" and that the ALJ had "discussed the evidence in detail and amply explained the reasoning which supported his determination." Id. at *3. Likewise, in Green v. Chater, No. 94-2049, 1995 WL

---

[1] Defendant argues that Cook should not apply to the instant case, because Cook involved a different sequential evaluation of disability, which relied more heavily on the listings. Therefore, defendant asserts, "it is unsurprising that greater discussion of the Listings was required of the administrative decision-maker." (Def's. Obj. at 8). The Cook court did note that widows were subject to a different, more stringent standard of benefits than disabled wage earners. Id. at 1170. At the time, the disability evaluation for widows and widowers stopped at the inquiry of whether the claimant's impairment matched or was equivalent to the Listing of Impairments. Id. at 1170 & n. 7. However, the step at issue in Cook is the same step that is at issue here – the ALJ must decide whether the plaintiff meets a listing. As noted below, more recent Fourth Circuit caselaw has relied on Cook in holding that the failure to sufficiently address a listing "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

6

478032 (4th Cir. Aug.14, 1995) (per curiam), the court found substantial evidence despite the ALJ's failure to address specific listings, because the ALJ "listed all of the alleged impairments, and discussed why he found many of [claimant's] alleged symptoms were not credible," and further "found that many of [the claimant's] alleged symptoms were treatable." Id., at *3.

More recently, the Fourth Circuit found an ALJ's explanation insufficient as to why the claimant did not meet the listing that is at issue in the instant case, Listing 1.04A. Radford v. Colvin, 734 F.3d 288, 290 (4th Cir. 2013). There, the only basis that the ALJ provided for concluding that claimant did not meet the applicable listing was a statement that the ALJ had " 'considered, in particular,' the listing[ ] . . . and had noted that state medical examiners had also 'concluded after reviewing the evidence that no listing [was] met or equaled.' " Id. at 292. The court found the ALJ's decision "devoid of reasoning," noting that "[a] full explanation by the ALJ is particularly important in this case because [the claimant's] medical record includes a fair amount of evidence supportive of his claim" and further noting that "there is probative evidence strongly suggesting that [the claimant] meets or equals Listing 1.04A." Id. at 295. Because the ALJ's analysis of Listing 1.04A was insufficient, the court found it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Id.

Having considered the caselaw regarding what kind of explanation is necessary for an ALJ to adequately address a listing, the court turns to the pertinent listings and facts in this case. Listing 1.04A applies to disorders of the spine. 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A. The listing specifically notes conditions such as "spinal stenosis" and "degenerative disc disease." Id. A claimant is entitled to a conclusive presumption that he is disabled if he can show that this

7

disorder results in "compromise of a nerve root . . . or the spinal cord." Radford, 734 F.3d at 291 (citing 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A). The listing further describes the criteria a claimant must meet or equal to merit this conclusive presumption of disability:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Radford, 734 F.3d at 291 (quoting 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04A). Listing 1.04A "requires a claimant to show only . . . that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." Radford, 734 F.3d at 294.

In this case, the ALJ's explanation as to why plaintiff failed to meet Listing 1.04A was insufficient. As noted in the M&R, the record supports that plaintiff suffered from spinal stenosis, along with degenerative disc disease. (Tr. 492, 540, 646, 648). A MRI exam revealed that plaintiff suffered "nerve root impingement at L4-L5."[2] (Tr. 524). The record references back and leg pain, which may correspond to neuro-anatomic distribution of pain. (Tr. 531, 550-51, 690). It also includes evidence of limited spinal motion (Tr. 551, 690), and instances of motor, reflex and sensory loss (Tr. 412; 690). Finally, plaintiff had a straight leg test that was "mildly positive bilaterally." (Tr. 630). As the ALJ recognized, plaintiff experienced back problems for several years. (Tr. 15-20). This record constituted ample evidence supporting a condition that matched

---

[2] The L4 and L5 are vertebrae in the lower lumbar spine, a common area of disc degeneration. See Lumbar Disk Disease (Herniated Disk), Johns Hopkins Medicine Health Library, available at http://www.hopkinsmedicine.org/healthlibrary/conditions/nervous_system_disorders/lumbar_disk_disease_herniated_disk_85,P00783/ (accessed Feb. 26, 2015).

8

Listing 1.04A, and the ALJ was required to address such evidence in a way that amply explained the reasoning supporting his ultimate determination. See Radford, 734 F.3d at 295; Russell, No. 94-2371, 1995 WL 417576, at *3; Cook, 783 F.2d at 1172. He failed to do so.

Although the ALJ expressly explained why plaintiff did not meet the criteria of the listings 12.04, 12.06, 12.07 and 12.08 at step three of the evaluation process, the ALJ did not specifically address Listing 1.04A. (Tr. 13-14). In setting plaintiff's RFC prior to step four, the ALJ did discuss the medical record at considerable length. He appeared to place special emphasis on plaintiff's positive prognosis in 2009 (Tr. 16), medical reports showing that plaintiff's condition was improving (Tr. 16, 19), reports of low levels of pain (Tr. 17), plaintiff's conservative medical treatment (Tr. 19, 20), and mild physical examination findings (Tr. 20). However, these findings in themselves do not negate the evidence supporting that plaintiff exhibited the criteria necessary to satisfy Listing 1.04A. More relevant to the Listing 1.04A criteria, the ALJ also noted several occasions where plaintiff's straight-leg test was negative. (Tr. 17, 20); see (Tr. 690). However, one of the records which the ALJ cited states only "[s]traight leg raise test bilaterally." (Tr. 447). It does not indicate whether the test was positive or negative. Furthermore, the ALJ did not address plaintiff's positive straight-leg test. (Tr. 630). The ALJ's explanation is insufficient to address whether the evidence satisfied the positive straight-leg test criteria. Because the content of the ALJ's explanation does not sufficiently address whether plaintiff satisfied the criteria of Listing 1.04A, in light of evidence to the contrary, the ALJ did not satisfy the requirement to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7.

9

Defendant objects that plaintiff failed to meet her burden of proof under Listing 1.04A, because the evidence showed only that plaintiff had "nerve root impingement," rather than "nerve root compression." (Def's. Obj., 3) (DE 22). Defendant asserts that the medical record evidence itself distinguishes between "impingement" and "compression." (Id.) (citing Tr. 553).

Defendant's distinction is not persuasive. The Listings themselves use the terms "impingement" and "compression" interchangeably in the context of describing Listing 1.04A. Listing 1.00K provides as follows:

> disorders of the spine, listed in 1.04, result in limitations because of distortion of the bony and ligamentous architecture of the spine and associated *impingement* on nerve roots (including the cauda equina) or spinal cord. Such *impingement* on nerve tissue may result from a herniated nucleus pulposus, spinal stenosis, arachnoiditis, or other miscellaneous conditions . . . . Herniated nucleus pulposus is a disorder frequently associated with the *impingement* of a nerve root. Nerve root *compression* results in a specific neuro-anatomic distribution of symptoms and signs depending upon the nerve root(s) compromised.

20 C.F.R. § Part 404, Subpart P, App'x 1, Listing 1.00K (emphasis added).

If the medical record, contrary to the regulations, distinguished between these two terms, this was certainly a "material . . . ambiguity" that the ALJ was required to explain, address, and resolve. SSR 96-8p, 1996 WL 374184, at *7.

Second, defendant asserts that plaintiff failed to establish that she satisfied all of the criteria of Listing 1.04A. However, at this stage review considers whether the ALJ's decision is supported by "substantial evidence," Craig, 76 F.3d at 589. When the legal analysis of why a claimant fails to meet a listing is insufficient, it is "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Radford, 734 F.3d at 295. Because plaintiff provided ample evidence in support of meeting Listing 1.04A, and because the ALJ's discussion fails to provide an

10

ample explanation supporting his determination that this evidence failed to meet Listing 1.04A, the ALJ's discussion was insufficient and the court cannot determine whether it is supported by "substantial evidence."

Defendant next argues that the ALJ's decision was supported by substantial evidence because the medical opinion evidence, specifically the opinions of state agency physicians, supported the ALJ's finding that plaintiff was not disabled under the Listings. However, the ALJ did not himself offer such an explanation for rejecting the Listings, and did not discuss these opinions in a manner that addressed the criteria of Listing 1.04A. Thus, the legal analysis is insufficient to allow for substantial evidence review.

Finally, defendant asserts that any error was harmless, because the evidence showed plaintiff did not have nerve root compression. For the reasons explained above, the evidence of nerve root compression presented an ambiguity that the ALJ was required to resolve. Remand is thus appropriate. SSR 96-8p, 1996 WL 374184, at *7; see also Radford, 734 F.3d at 296 (requiring remand for ALJ's failure to resolve conflicting evidence in the record as to whether plaintiff satisfied Listing 1.04A). Because remand is required on the basis of the ALJ's failure to sufficiently address Listing 1.04A, the court will not reach plaintiff's remaining grounds for reversal of the decision.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the portions of the M&R to which specific objections were raised, and upon considered review of the remainder, the court GRANTS plaintiff's motion for judgment on the pleadings (DE 16), DENIES defendant's motion for judgment on the pleadings (DE 18), and REMANDS this matter to the Commissioner, pursuant to sentence four of

11

Case 7:13-cv-00265-FL   Document 24   Filed 03/04/15   Page 11 of 12

42 U.S.C. §§ 405(g), for further consideration in accordance with this order. The clerk is DIRECTED to close this case.

    SO ORDERED, this the 4th day of March, 2015.

                                            _____
                                            LOUISE W. FLANAGAN
                                            United States District Judge

12

Case 7:13-cv-00265-FL   Document 24   Filed 03/04/15   Page 12 of 12